IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


MARGARITA E. LaVILLA,

    **Plaintiff,**

vs.

    Case No. C2-08-1180
    Judge Gregory L. Frost
    Magistrate Judge E.A. Preston Deavers

ROBERT M. GATES,

    **Defendant.**

## *NUNC PRO TUNC*
## REPORT AND RECOMMENDATION

Plaintiff filed a Complaint on December 17, 2008. The Court permitted Plaintiff to proceed *in forma pauperis* and directed her to submit the appropriate forms so that the United States Marshal could serve Defendant. The record reflects, however, that Plaintiff did not comply with her obligation to submit a summons, form USM-285 and a copy of the Complaint. Moreover, the record contains no indication that the named Defendant has waived service of process, or that Plaintiff herself has served the named Defendant with a summons or a copy of the Complaint.

On March 12, 2010, the Court issued an Order directing Plaintiff to show good cause why this case should not be dismissed for lack of service pursuant to Federal Rule of Civil Procedure 4(m).[1] Plaintiff failed to respond and otherwise did not request additional time to effect service.

---

[1]     Rule 4(m) provides in pertinent part:

If a defendant is not served within 120 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999). In the absence of service of process or waiver, this Court lacks personal jurisdiction over the party named in the complaint as a defendant. *Id*. at 350. Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *Byrd v. Stone*, 94 F.3d 217, 219-20 (6th Cir. 1996).

Plaintiff has failed to effect service of summons and Complaint upon the named defendant as required by Rule 4(m). The Complaint was filed over two years ago. Under these circumstances, dismissal of Plaintiff's Complaint without prejudice is warranted under Rule 4(m).

Accordingly, the undersigned hereby **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**, pursuant to Federal Rule of Civil Procedure 4(m).

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

---

plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005)(holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

| | |
|---|---|
| **April 6, 2010** | /s/ *Elizabeth A. Preston Deavers (nunc pro tunc)* |
| **DATED** | **ELIZABETH A. PRESTON DEAVERS** |
| | **UNITED STATES MAGISTRATE JUDGE** |